**In re Robert D. McKIM, Jr., Margaret C. McKim, Debtors.**

**Bankruptcy No. 97–11440.**

United States Bankruptcy Court, D. Rhode Island.

Feb. 4, 1998.

Russell Raskin, Raskin & Berman, Providence, RI, for Debtors.

John Webster, Resnick, Caffrey & Webster, Warwick, RI, for Bernard Investment, Inc.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 11 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on secured creditor Bernard Investment, Inc.'s Amended Application to Prohibit the Debtors from using Cash Collateral.[1] At issue is whether post-petition revenues generated by the Debtors' sale of club member-

---

1. Cash collateral is defined as "cash ... whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a

ships are covered by Bernard's security interest. Both parties rely on *In re Everett Home Town Ltd. Partnership*, 146 B.R. 453 (Bankr.D.Ariz.1992) to support their positions.

Under 11 U.S.C. § 552(a) "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." However, Section 552(b) allows a pre-petition security interest to attach "to proceeds, product, offspring, rents or profits of such property acquired by the estate after the commencement of the case" and to remain effective notwithstanding the bankruptcy if all of the requirements of that section are met. *See* 11 U.S.C. § 552(b); *Everett Home*, 146 B.R. at 456.

The Court in *Everett Home* held that membership dues were cash collateral under Section 552(b), but that the proceeds collected separately for greens fees and cart rentals did not fit within the Section 552(b) exception and, therefore, were not cash collateral belonging to the secured creditor. 146 B.R. at 456–58. It is important to note that the membership agreement in *Everett Home* entitled members "to certain exclusive rights at the Club, primarily the right to have the exclusive use of one of the 18 hole golf courses," and that greens fees were charged *in addition to* the membership fee. *Id.* at 455. In the instant case, the membership fees collected by the Debtors, doing business as Pocasset Country Club, constitute prepaid greens fees for which members have the right to play unlimited golf. There are no separate or additional greens fees, and all of the proceeds in question are generated by a one time payment for the use of the facility and services provided by the Debtor. Accordingly, we conclude that the funds in question are not the cash collateral of Bernard Investments. Bernard's Motion is DENIED.

security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a).